14-1123-cv
*John v. Kingsbrook Jewish Med. Ctr.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fifteen.

PRESENT:   CHESTER J. STRAUB,
                    ROBERT D. SACK,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges.*

———————————————————————

JILLIAN JOHN,

              *Plaintiff-Appellant*,

              v.                                                             No. 14-1123-cv

KINGSBROOK JEWISH MEDICAL CENTER / RUTLAND
NURSING HOME,

              *Defendant-Appellee*.

———————————————————————

FOR APPELLANT:              JILLIAN JOHN, *pro se*, Brooklyn, NY.

FOR APPELLEE:               BARBARA E. HOEY, (Alison L. MacGregor, *of counsel*), Kelley Drye & Warren, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jillian John, proceeding *pro se*, appeals from the grant of summary judgment in favor of Appellee on her employment discrimination, hostile work environment, and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing orders granting summary judgment, this Court reviews the record *de novo*. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), *i.e.*, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

In order to make out a prima facie case of discrimination in violation of Title VII, a plaintiff has the burden of establishing that: (1) she is a member of a protected class; (2) she performed the job satisfactorily or was qualified for the position; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997). Once a plaintiff alleges a prima facie case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. *McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation. *Id.* at 804. "Thus, once the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

To establish a prima facie case of retaliation under Title VII, a plaintiff is required to show that: (1) she participated in a protected activity known to the defendant; (2) she experienced an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Terry*, 336 F.3d at 141. Once a plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, nonretaliatory reason for the alleged retaliatory acts, at which point the burden shifts back to the plaintiff to show

2

circumstances that would be "sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

Having reviewed the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion and in the transcript of oral argument on the summary judgment motion.[1]

We have considered all of John's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] John claims that the district court granted Appellee summary judgment because of John's failure to comply with E.D.N.Y. Local Rule 56.1. We note that – to the contrary, however – the district court did not penalize John for this failure and instead reviewed the record liberally in light of John's *pro se* status. *See John v. Kingsbrook Jewish Med. Ctr./Rutland Nursing Home*, No. 11-CV-3624 MKB, 2014 WL 1236804, at *1 n.1 (E.D.N.Y. Mar. 25, 2014) ("Because of Plaintiff's *pro se* status and in view of the fact that she has responded to and opposed Defendant's motion in writing and at the oral argument, the Court will review Plaintiff's opposition, deposition and supporting papers for factual disagreements with Defendant's 56.1 Statement[ ] . . . [and] only deem admitted those facts in Defendant's Local Rule 56.1 Statement that are supported by admissible evidence in the record."); *see also* Special App. 582 ("I review the record in full, especially where there is a pro se litigant, and I have done that. I would not simply grant summary judgment because Ms. John did not submit a 56.1 Statement.").